UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SHAWN GREGSON,

        Plaintiff,

   v.

MANTECA POLICE DEPARTMENT; OFFICER DOTY, OFFICER MULLER, OFFICER SCHULER, OFFICER PETERS, OFFICER RENFROE, each individually and as a Manteca Police Officer and DOES 1-100,

        Defendants.

_____/

NO. CIV. S-04-00873 WBS GGH

ORDER

----oo0oo----

        Plaintiff moves ex parte for a continuance of the trial date, scheduled to commence next Tuesday, and various other sanctions against defendants, including leave to amend the complaint.  For the following reasons, the motion will be denied.

        First, in the factual basis for the motion, counsel for plaintiff states that when he received the Pretrial Order of

1

1 June 5, 2007, he was surprised by the disclosure of defense
2 exhibits G, H, and I, the video tapes which form the basis for
3 this motion.  He should not have been surprised, because in
4 creating the list of exhibits in the Pretrial Order the court
5 merely copied the lists of exhibits contained in the parties'
6 Pretrial Statements.  Defendants' Pretrial Statement, disclosing
7 exhibits G, H, and I, was filed more than four months before the
8 Pretrial Conference, on February 2, 2007.
9          Plaintiff's counsel appeared at the Pretrial
10 Conference on June 4, 2007, and said nothing about any surprise
11 resulting from the earlier disclosure of defendants' exhibits.
12 Further, the Pretrial Order contained a provision requiring that
13 any objections be filed and served within fifteen days, and that
14 if no objections were made within that time the Order would
15 become final.  Plaintiff made no objections to the Pretrial Order
16 within that time, waiting instead until four court days before
17 the trial date to file the present motion.
18          Second, if plaintiff's attorney did not know about the
19 tapes, plaintiff himself, as well as his parents, must have known
20 or had reason to know of their existence from the beginning.  The
21 tapes are of interviews of the plaintiff, which plaintiff and his
22 parents have all testified that they knew were being videotaped.
23          Third, it is not clear that plaintiff's counsel did
24 not receive the tapes in question as part of the initial
25 disclosures pursuant to Rule 26(a)(1).  Defendants' counsel
26 represents that he believes copies of the tapes were provided to
27 plaintiff's previous attorney, Vittoria Bossi.  Ms. Bossi says
28 she has "no personal recollection" of ever being in possession of

2

the tapes and was unable to find them after an exhaustive search of her files.  However, in a letter dated July 13, 2004, defense counsel expressly invited Ms. Bossi "to view the videotapes of your client and his parents."

Third, even if plaintiff's present attorney was not previously aware of the tapes, he has certainly been aware for over a year of the existence of the tapes, since they were mentioned at the depositions taken on May 9, 2006, July 7, 2006, and July 21, 2006.  His argument that this does not excuse the alleged failure to disclose them earlier is disingenuous.  It may not excuse a violation of Rule 26(a), if one did in fact occur, but also doesn't excuse waiting more than a year to request the tapes or to complain about the failure to produce them.  It also doesn't lend much support to plaintiff's claim that the tapes were not in fact disclosed earlier.

Fourth, one of the remedies available for a violation of Rule 26(a)(1) is to exclude the evidence at trial.  Yet, plaintiff's attorney has today expressly withdrawn that portion of his motion in limine that moved to exclude the playing or introduction of the video tapes.  Obviously, therefore, the purpose of the instant motion is no more than to gain a last minute continuance of the trial date.

This case was initially set for trial to commence on March 25, 2006.  At the request of counsel, on February 6, 2007, by a stipulation that was signed by plaintiff's present attorney, the trial date was continued to July 10, 2007.  That date was reaffirmed at a Pretrial Conference attended by plaintiff's present attorney on June 4, 2007, and memorialized in the

3

1 Pretrial Order, to which plaintiff's present attorney assented,
2 on June 5, 2007.  A panel of prospective jurors has been
3 summoned, and the court has blocked out the weeks of July 10-13
4 and July 24-27, for the trial of this case.  It would be an
5 unnecessary hardship on the defendants and the court to continue
6 the trial as plaintiff requests.
7            For the same reasons, plaintiff has failed to show
8 good cause to amend the complaint at this stage of the
9 proceedings.
10           IT IS THEREFORE ORDERED that plaintiff's ex parte
11 motion for continuance of trial and/or leave to amend the
12 complaint be, and the same hereby is, DENIED.
13 DATED:  July 3, 2007

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE